The relief described hereinbelow is SO ORDERED.

Signed May 18, 2011.



_____
Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 07-53287 rbk |
| LISA ANN GALAZ, | § § | (Chapter 13) |
| Debtor. | § § | |

| | | |
|---|---|---|
| LISA GALAZ, | § § | |
| Plaintiff, | § § | |
| v. | § § § | Adversary No. 11-05015-rbk |
| WORLDWIDE SUBSIDY GROUP LLC, et al., | § § § | |
| Defendants, | § § | |

### ORDER APPOINTING RECEIVER

On March 21, 2011, the Court held an evidentiary hearing and considered the Application of Lisa Galaz for interim appointment of a receiver and for a preliminary injunction (Doc. #1),

and the opposition by Denise Vernon to that Application. The Court concludes that Lisa Galaz has a probable right of recovery and that the affairs of Worldwide Subsidy Group, LLC ("WSG") are deadlocked. The Court further concludes that the current Business Manager under the written Mediation Agreement (previously approved by the Court in the Main Case) is not a solution to the deadlock and that, without this Order, the deadlock will not be resolved. The Court, therefore, grants the Application, and **ORDERS** as follows.

1. Brian Boydston is hereby removed as Business Manager of Worldwide Subsidy Group, LLC, and John Patrick Lowe is hereby appointed as interim Receiver to manage the ongoing business and affairs of WSG during the pendency of this adversary.

2. The Receiver shall take control and responsibility over all of the WSG bank accounts, and shall be the only authorized signatory on those accounts pending further order of the Court.

3. The Receiver has the authority to decide whether to continue WSG's employment of Raul Galaz, or to terminate that employment as provided in the Mediation Agreement and the Consulting Agreement between WSG and Raul Galaz.

4. The Receiver shall continue making monthly payments by WSG of $4,300 to Lisa Galaz and $5,000 to Denise Vernon, and Raul Galaz's monthly salary payment as provided (and at the rate stated) in the Mediation Agreement (for so long as Raul Galaz is employed by WSG).

5. The Receiver shall make whatever payments are necessary for the income taxes of Lisa Galaz and Denise Vernon resulting from the profits or income of WSG as provided in the Mediation Agreement.

6. The Receiver shall have the authority to decide whether or not WSG will continue to prosecute the claims of its clients in pending Copyright Board Proceedings or whether to

ORDER APPOINTING RECEIVER
-2-

notify the clients that WSG intends to terminate its continued representation of them in these proceedings.

7. The Receiver shall have the power to decide if and when WSG will purchase data on rebroadcast or transmission of programs for use in the Copyright Board Proceedings, and to negotiate the purchase prices for the data or to authorize Brian Boydston or Raul Galaz to negotiate the purchase prices.

8. The Receiver shall control and instruct counsel for WSG in pending litigation or administrative proceedings in which WSG is a party.

9. The Receiver shall have the power to continue to retain Brian Boydston and the law firm of Pick & Boydston as counsel for WSG in the pending Copyright Board Proceedings and in the pending litigation between WSG and the MPAA, or to terminate that relationship and re-hire Boydston and his law firm on contingent fee arrangements, and/or to hire other qualified counsel to take over that work on such terms as the Receiver deems reasonable and appropriate.

10. Denise Vernon and Lisa Galaz are hereby enjoined from signing any WSG checks or spending any money of WSG before the Receiver has obtained control over the bank accounts of WSG, except that Denise Vernon and/or Lisa Galaz are permitted to sign the following interim payments: (1) monthly distribution payments to Lisa Galaz of $4,300, (2) monthly distribution payments to Denise Vernon of $5,000, and (3) monthly salary payments to Raul Galaz at his current salary rate. After the Receiver is in place and has control and signature authority over the WSG bank accounts, neither Denise Vernon nor Lisa Galaz shall have any further signature authority over WSG checking accounts. Denise Vernon, Lisa Galaz, and WSG acting through Raul Galaz are enjoined from signing any contract or lease or incurring any debt in the name of or on behalf of WSG.

11. The Receiver has the authority to approve or reject any request by Denise Vernon, Lisa Galaz, or Raul Galaz for any expenditure on behalf of WSG and to approve or reject any request by any of them for any reimbursement of any expense advanced or incurred on behalf of WSG.

12. The Receiver has the authority to continue to retain the services of Jeff Sedacca and his accounting firm to provide accounting and income tax return preparation services for WSG or to terminate that relationship and hire another accounting firm to provide those services. The Receiver also has the authority to retain the services of Jeff Sedacca and his firm or another qualified firm or person to prepare periodic financial reports for WSG if the Receiver determines that such reports would be necessary or useful for the Receivership.

13. Except as provided herein, the Mediation Agreement between the parties remains intact.

14. The Receiver also has the authority to execute contracts on behalf of WSG, to take charge over and keep possession of any property of WSG, and to receive and collect any royalties due to WSG, to deposit or invest funds held by WSG, and to pay the debts of WSG.

15. The Receiver has the authority to require any person or entity holding books or records or property of WSG to turn the books, records, or property of WSG over to the Receiver.

16. The Receiver has the authority to make such additional ownership distributions to Lisa Galaz and Denise Vernon beyond the monthly payments described in paragraph 4 above as the Receiver deems proper.

17. The Receiver shall post a bond in the amount of $1,000.

18. The Receiver shall make periodic reports to the Court and the parties on the status of the Receiver's performance of duties under this Order.

19. Whenever in this Order the Court refers to the Receiver paying money over to Lisa Galaz, the payment should be made to the Chapter 13 trustee of her bankruptcy estate pending further order of this Court,

20. The Receiver shall apply to the Court for approval and payment of his fees and expenses. The Receiver shall be compensated from the assets of WSG for his services by fees for his time at the hourly rate of $250.00 and shall be reimbursed reasonable expenses out of money collected by the Receiver in performing services under this Order.

21. The Receiver is hereby authorized to seek additional orders from Court as necessary to perform his duties under this Order.

22. This Case is set for trial on the merits on August 30, 2011 at 9:30 a.m.

###

Order submitted by:

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819  Telephone
(210) 224-0141  Facsimile
ben@binghamandlea.com
royal@binghamandlea.com

BY: _/s/ Royal B. Lea, III_
       BENJAMIN R. BINGHAM
       State Bar No. 02322350
       ROYAL B. LEA, III
       State Bar No. 12069680
SPECIAL COUNSEL FOR PLAINTIFF / DEBTOR, LISA GALAZ